221 So.2d 50

**STATE of Louisiana**

**v.**

**Jerry WELLS.**

**No. 49337.**

March 31, 1969.

Larry A. Roach, Lake Charles, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

Jerry Wells was charged in a bill of information with the crime of attempted murder. He was tried by a jury, which rendered a verdict of attempted manslaughter, and was sentenced to serve four and one-half years at hard labor in the State Penitentiary.

The defendant is appealing, and he relies on six bills of exceptions in order to obtain a reversal of such conviction and sentence.

Bill of exceptions No. 1 was reserved when the trial court overruled the motion for a continuance filed by the court-appointed counsel of the accused, it being based on the ground that he had not had sufficient time to prepare for trial. Because of our conclusion that the conviction and sentence will have to be set aside for errors set out in other bills of exceptions discussed hereinafter, and since the same issue will probably not arise in a new trial, it is unnecessary for us to consider this bill.

Bills of exceptions Nos. 2 and 3 relate to objections of defendant to the introduction of evidence (concerning objects removed from his automobile) on the ground that it was illegally seized. Bills of exceptions Nos. 4 and 5 were taken to the court's overruling the defendant's objection to a search warrant (by reason of which a search was made of defendant's residence) and to the introduction into evidence of certain items seized in the course of such search.

The alleged crime occurred in Lake Charles, Louisiana (Calcasieu Parish) in the early morning of April 8, 1967. As a result of certain information received by the investigating officers, the latter went to the defendant's residence some time later that morning and requested that he accompany them to the Police Station in Sulphur which he did. He was questioned there. Following the interrogation the officers were of the opinion that they had insufficient evidence to arrest and hold the accused so they returned him to his home. The time consumed was approximately one hour.

When the officers brought the defendant to his home they noticed his car parked in the garage with the license plate bent down. Then they went to the car, raised the hood, and found the motor to be hot. Whereupon they arrested and took him to the Calcasieu Parish jail (in Lake Charles).

Some time later other officers came to the home of the accused, and without any authority they examined and searched the car and towed it to the parish jail. Subsequently, the home was searched (apparently by different officers) on the authority of the aforementioned warrant.

As we have heretofore pointed out, the said bills of exceptions Nos. 2, 3, 4 and 5 were reserved when the state, over defendant's objections, was permitted to introduce the warrant and the evidence obtained as

the result of the searches of the home and the automobile.

. In his per curiam to these bills the trial judge states that he permitted such evidence to be introduced because the defendant had been arrested *prior* to the searches. He observed that under our holding in State v. McIlvaine, 247 La. 747, 174 So.2d 515 the searches were valid. He also stated that, in his opinion, the warrant was legal because the *evidence* showed that *the officer* who prepared the affidavit had sufficient information to justify the issuance of it.

On the other hand the defendant argues with great persuasion that the arrest itself was invalid, because it was based on information obtained by an illegal inspection and search of his vehicle—that is, the officers' unauthorized opening the hood of the car to examine the engine, at which time no arrest had been made. The record and certain statements contained in the state's brief to this court strongly support this argument.

■ But be that as it may, the evidence adduced in connection with the defendant's other objections make it abundantly clear that the subsequent searches of the automobile and of the home were illegal. It is true that when these were made defendant was under arrest. But it is equally certain that the searches were not made incidental to or in connection with that arrest. To the contrary, they were effected at some time thereafter by officers other than the arresting ones, and the defendant was not even then on the premises. Moreover, the record clearly reveals that, in the trial of the matter, the state did not rely on the arrest to support its search of the house; rather, it relied on the warrant.

State v. McIlvaine, supra, is not authority for the district court's holding. In that case the search was made *simultaneously* with the accused's arrest and in his presence.

, Nor do we believe that the trial court's observation that the search was illegal, it having been made under authority of a valid warrant, is correct. In our opinion the warrant was illegally issued, this because the affidavit on which it was based recites nothing more than that the officer seeking the warrant " * * * has reasonable cause to suspect and does suspect and verily believe that a shotgun and other weapons; Spent shotgun shells and other live ammunition; may be located at the residence of Jerry Wells, 510 S. Lebanon St., Hollywood, La. or in the subject's vehicles a White 1966 Dodge Monaco bearing 66–67 La. license 62 D 088 or a Blue 1960 Opel Station Wagon; Above used in attempted murder of Curt Maddox * * *."

■ Under the rulings of the United States Supreme Court in Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78

L.Ed. 159 and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 such an affidavit, based on mere affirmance of belief or suspicion, is patently defective and, therefore, the warrant issued pursuant thereto is illegal and invalid.

But even aside from these rulings the same result would be reached under the express language of Article 162 of our own Code of Criminal Procedure which pertinently provides: "A search warrant may issue only upon probable cause *established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.*" (Italics ours)

A comparison of this article with its source provisions (LRS 15:42–44) now leaves no doubt but that a search warrant can legally issue in this state only when an *affidavit* has been submitted to the judge *and such affidavit recites facts* which satisfy *him, the judge, not the affiant,* that probable cause exists for its issuance. That the affirming officer was *aware* of facts which, if alleged in his affidavit, would have shown probable cause is of no moment.

The clear and unmistakable language of Article 162 requires, as aforestated, that such facts *be contained in the affidavit;* it does not contemplate that the affiant should perform the function of determining what is probable cause. If we were to permit such affiant to bolster an affidavit

and warrant by later testifying (when they are challenged) as to other information which he had at the time (but not revealed in the affidavit), the judge would then become merely a rubber stamp for the investigating officer; and we would defeat the very purpose sought to be achieved by requiring the use of search warrants which is that "probable cause must be determined by a 'neutral and detached magistrate,' and not by 'the officer engaged in the often competitive enterprise of ferreting out crime.' Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948). * * *" See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637.

We conclude, therefore, that the defendant's objections to evidence obtained as a result of the searches of his automobile and home were well taken, and that the court's permitting it to be introduced constituted reversible error.

█ Bill of exceptions No. 6 was reserved when the state was permitted to introduce evidence concerning a spent shotgun shell which was objected to by the accused on the ground that it had been obtained pursuant to an illegal search warrant. But there is no merit in the bill. The per curiam of the trial judge recites that such shell was found at the scene of the crime by one of the investigating officers who properly identified it. (It was

not obtained by a search of the defendant's home or automobile.) Clearly it was admissible.

For the reasons assigned the conviction and sentence appealed from are reversed and set aside, and the case is remanded for a new trial in accordance with law and the views herein expressed.

BARHAM, J., agrees with the opinion of the majority, but concurs for the additional reasons set out in his dissenting opinion in State v. Lampkin, 253 La. 337, 218 So.2d 289, which involved a search warrant almost identical with the one presented here.