350 So.2d 664 (1977)
STATE of Louisiana
v.
Kenneth BARRETT.
No. 59437.
Supreme Court of Louisiana.
September 19, 1977.
Rehearing Denied October 21, 1977.
*665 James E. Shields, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Asst. Dist. Atty., Roy Blondeau, Jr., Research Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Kenneth Barrett was convicted of armed robbery, La.R.S. 14:64, and sentenced to serve five years at hard labor. On appeal he relies on three assignments of error. For the reasons hereinafter given we find the assignments unmeritorious and affirm defendant's conviction and sentence.
*666 ASSIGNMENT OF ERROR NO. 1
A Jefferson Parish sheriff's deputy applied to a district judge for a warrant to search defendant's apartment for drugs and articles involved in armed robberies. In support of his application the officer submitted an affidavit which, in relevant part, recited that:
"On or about the 7th day of December, 1975 the undersigned officer received information from a confidential informer, advising the undersigned that at the above mentioned apartment, there were two subs. staying at that apartment, at [sic] that there was a quanity [sic] of narcotics in the apartment located in the night stand of the bedroom of one Kenneth Barrett w/m, 31 yrs who is the sub. that the apartment is is [sic] in the name of. The CI, advised that she was in the apartment at 530pm this date and observed the above mentioned narcotics. The sub. kenneth has the marijuana bagged in plastic bags the ci advised that he is selling the bags for $10.00 a bag.
"The CI also advised that the subs Barrett and another w/m who resides at the same apartment by the name of David w/m 5'5, thin build with black hair, and a black mustache were involved in numerous armed robberies in the Jefferson Parish, New Orleans area and gave the undersigned a list of armed robberies mentioned in this application and that one was going to be pulled on either the 7th or the 8th of December, 1975. On the 7th of Dec. 1975 there was an armed robbery at Chris's steak house, located at 3633 Vets Hwy. Met., La at 7:23 pm in which the description fitted the sub. david. The CI advised that the subs were driving a 1966 Ford white over Maroon in color, with Florida plates and that the car was equipped with apolice scanner. Officer was in the area and located the veh. in question about two blocks from the armed robbery and found Barrett and a w/f named Joni Ramsey, 24 yrs. The sub. David could not be found. Officers talked to the sub. Joni after advising the subs of her rights and she gave officers a written statement involving the set up of the armed robbery and how the sub was dropped off.
"For this reason the undersigned officer wishes that a search warrant be issued for the residence, and that the warrant be good for days and nights and for holidays and weekends."
The search warrant was issued.
In executing the warrant the officer entered the premises and seized the following items: a .38 caliber Taras hand gun and five rounds of ammunition, a pair of black panatela pants, a brown and white shirt, a tan wind breaker jacket, a black cap, a Realistic "Pro-77-A" scanner receiver, and a brown shoulder holster.
Defendant moved to suppress these items. The district court denied his motion, and defendant contends the ruling was erroneous because (1) the affidavit did not set forth facts and circumstances from which a magistrate could conclude that the confidential informant was credible or his information reliable, and (2) the affidavit contained statements known to be false by the affiant.
Louisiana Code of Criminal Procedure Article 162, in part, provides:
"A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. * * *."
If hearsay information is an essential element in establishing probable cause, the magistrate must be informed of underlying circumstances which show that the informant was in a position to observe the facts reported, and underlying circumstances which show that the informant was credible or his information reliable. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Brawley, 347 So.2d 238 (La.1977); State v. Paciera, 290 So.2d 681 (La.1974); State v. Linkletter, 286 So.2d 321 (La.1973); State v. Wells, 253 La. 925, 221 So.2d 50 (1969).
*667 In the instant case the affidavit reflected that the informant had been in the defendant's apartment on the same day the warrant was requested. The informant therefore was in a position to observe the facts reported, i. e., that defendant and his companion were living in the apartment and that a quantity of marijuana was located there.
The affidavit also contained underlying circumstances which tended to show that the informant was credible or his information reliable. The officer attested that the informant advised him that the defendant and an individual named David, who had been living at defendant's apartment, planned to commit an armed robbery in the New Orleans area on the seventh or eighth of December. The informant also gave the officer a fairly detailed physical description of the defendant's companion and the automobile they intended to use. The officer's affidavit further stated that such a robbery did occur on December 7th at Chris' Steak House in Metairie, that the gunman fitted the informant's description of the defendant's companion, and that the defendant was stopped in a car matching the description furnished by the informant two blocks from the scene of the crime shortly after it occurred. Moreover, a passenger in the car gave a statement implicating the defendant and herself in the robbery of Chris' Steak House. Because this detailed information relating to the steak house robbery supplied to the officer in advance by the informant proved to be accurate in every respect, it constituted sufficient grounds for the issuing magistrate reasonably to conclude that the informant was credible or his information reliable.
Defendant's alternate attack on the search warrant affidavit alleges that the officer falsely stated therein that he had spoken to his confidential informant on or about December 7, 1975, and untruthfully attested that the informant claimed to have seen marijuana in the defendant's apartment. Although it is not appropriate to challenge the accuracy of an informant's information by motion to suppress, a defendant may, upon proper allegations demonstrating a genuine issue of the affidavit's falsity, test the veracity of the affiant and his statements included in the affidavit. State v. Tallie, 337 So.2d 504 (La.1976); State v. Cox, 330 So.2d 284 (La.1976); State v. Giordano, 284 So.2d 880 (La.1973); State v. Melson, 284 So.2d 873 (La.1973).
At the hearing on the motion to suppress, the witnesses were sequestered. When the officer was first called to testify he related that on December 7, 1975, he received information that marijuana was seen in the defendant's apartment by his confidential informant, as well as information suggesting the defendant's involvement in a number of armed robberies in the area, including a planned robbery on December 7th. At this time the officer declined to identify the source of this confidential information.
The next witness was Sandra Barrett, estranged wife of the defendant, who testified that she had telephoned the officer on December 7, 1975, and had given him information about defendant's involvement in several armed robberies. However, she denied having told the officer that she saw marijuana in defendant's apartment.
After Mrs. Barrett's testimony, the officer was recalled. He repeated that he had received his confidential information on December 7, 1975. He was then asked by defense counsel:
"Did you have any communication at all with Sandra Barrett, December 7, 1975?"
The officer, not knowing that Mrs. Barrett had already admitted having talked to him, and apparently trying to protect her anonymity, responded:
"Not that I can recall."
Counsel then asked whether Sandra Barrett was the confidential informant referred to in the affidavit, and upon being compelled to answer by the court, the officer conceded that she was.
Defendant urges that there was a "fatal contradiction" in the officer's testimony, i. e., he testified that he received the confidential *668 information on December 7th from Sandra Barrett, yet he denied talking with Mrs. Barrett on December 7th. As we view the record, the contradiction probably resulted from the officer's effort to avoid disclosure of his informant's identity. We are not persuaded that defendant, by pointing out this inconsistency in the officer's testimony, demonstrated the falsity of the information contained in the affidavit upon which the warrant was issued.
Defendant additionally relies on the testimony of Sandra Barrett, who insisted that, although she had given the officer information relating to the armed robberies, she made no mention of the presence of marijuana in his apartment. The question was one of credibility, and we cannot say that the judge who saw and heard the witnesses erred in believing the officer's testimony.
For these reasons, we conclude that the hearing judge did not err in denying defendant's motion to suppress the evidence seized during the search of defendant's apartment. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends in this assignment of error that the trial judge erred in admitting into evidence the eight items seized during the search of defendant's apartment. Defendant urges that the State's predicate was insufficient to establish the relevance of the evidence to the case at the time the items were introduced, and that the chain of custody was not adequately established.
Prior to the admission of the physical evidence complained of, the robbery victim testified that the gunman who robbed him wore a black low-brimmed hat, a beige windbreaker, and dark brown slacks, and carried a handgun. Evidence that items similar to those described by the victim were found in the defendant's apartment is logically relevant to the question of his guilt, as it tends to link him with the commission of the offense. La.R.S. 15:441. Thus, the relevance of the handgun and bullets, the windbreaker, the hat, and perhaps the slacks was demonstrated prior to the admission of these exhibits.
We agree with defendant, however, that the relevance of the shirt, the shoulder holster and the receiver scanner was not established antecedent to their admission. The victim had referred to none of these items in his account of the robbery. Certainly, all eight items introduced as evidence were seized during a search of defendant's apartment. But the fact that they were seized in the defendant's apartment does not make them relevant to the crime, absent some showing that they were related to its commission. Accordingly, the trial judge's ruling admitting the shirt, shoulder holster and receiver scanner was erroneous.
The error was harmless, however, because testimony given subsequent to the admission of the eight exhibits established that all of the evidence, save the brown shoulder holster, was connected to the commission of the charged offense. Defendant has not demonstrated that the admission into evidence of the shirt and the receiver scanner, before their relevance was shown, resulted in a miscarriage of justice. Likewise, defendant has not shown that he was prejudiced by the trial judge's admission into evidence of the shoulder holster, notwithstanding that it was never connected to the offense charged.
Insofar as defendant complains that the chain of custody was inadequately established, his argument is equally without merit. In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), this Court stated:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence. (Emphasis supplied.) 260 La. at 512, 256 So.2d at 608.
*669 The officer who executed the search warrant visually identified all of the physical evidence admitted over defendant's objection as having been seized during his search of defendant's apartment. This testimony was sufficient for the trial judge to conclude that the proffered evidence was more probably than not that which was taken during the search of defendant's apartment.
Furthermore, prior to the receipt of the State's exhibits into evidence, an employee of the Jefferson Parish Clerk of Court testified that he received the gun in an envelope marked with the defendant's name from Ronald Singer, of the Jefferson Parish Crime Lab, and accepted the other evidence from a Deputy Serpas. Although defendant argues that the chain of custody was incomplete because neither Singer nor Serpas testified at trial, we have previously held that the absence of testimony of some persons in a chain of custody goes to the weight of the evidence, and not to its admissibility, where the foundation otherwise demonstrates that the evidence is more probably than not related to the case. E. g., State v. Brown, 337 So.2d 484 (La.1976).
Likewise without merit is defendant's argument that his ownership or possession of the items was not proven. Defendant was being prosecuted for participating in the planning and execution of an armed robbery which a companion, David Forsythe, physically committed. With the exception of the shoulder holster, the evidence admitted was either used by Forsythe in the commission of the robbery or was in defendant's possession when he was arrested.
In view of the foregoing, we find defendant's second assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in permitting the State, on re-direct examination, to question state witness Joni Ramsey concerning other criminal charges pending against her in another parish.
During cross-examination, defense counsel improperly attempted to impeach Ms. Ramsey's testimony by asking if she had been charged with an armed robbery in Orleans Parish. See La.R.S. 15:495. On re-direct examination, the prosecutor asked the witness the nature of that pending charge. Defendant objected without stating the grounds for his objection. The trial judge, apparently accepting the prosecutor's argument that defendant had opened the door to such questioning, overruled defendant's objection.
The prosecutor then asked Ms. Ramsey a series of questions concerning the pending Orleans Parish charge, ending with the following question:
"[Was] anyone else arrested with you in connection with this armed robbery in New Orleans?"
Ms. Ramsey then named the defendant, Kenneth Barrett, and David Forsythe.
Although defense counsel initially objected to the State's questioning of Ms. Ramsey concerning the charges pending against her, in view of the fact that he had initiated the inquiry on cross-examination, and because at this point the inquiry bore solely on the issue of Ms. Ramsey's credibility, there was no error in the trial judge's ruling.
When the prosecutor expanded his interrogation to elicit a response inculpating the accused in an extraneous armed robbery, defense counsel remained silent. Since defendant made no contemporaneous objection to the question, which was clearly designed to incriminate the accused in an extraneous offense, La.C.Cr.P. art. 841, and since he made no motion for a mistrial or an admonition when the witness' answer implicated the accused in the extraneous offense, La.C.Cr.P. art. 771(2), the witness' response concerning the defendant's involvement in the Orleans Parish armed robbery is not properly before us for review.
Assignment of error number three is, therefore, without merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.