DENNIS, Justice,
dissenting.
I respectfully dissent.
The question raised by this case is whether the information taken from the initial November 4th affidavit combined with the informant’s tip and police observations of December 6th provided probable cause for a search warrant. In my opinion they did not.
As we have previously stated, “included within the general concept of probable cause is the necessary element of a reasonable belief that the contraband or evidence will not be disposed of but will remain at the place to be searched at the time of the proposed search.” State v. Boneventure, 374 So.2d 1238 (La.1979); State v. Thompson, 354 So.2d 513 (La.1978); State v. Brawley, 347 So.2d 238 (La.1977). Accordingly, it could not, on December 7th, be reasonably concluded that the unspecified amounts of cocaine and marijuana allegedly at the defendant’s home on November 4th were still there in December. Furthermore, the magistrate was not informed of any underlying circumstances from which the informant concluded that Tyronne was expecting a shipment of narcotics at his home on December 6th. Nor is there sufficient specific independent corroboration of the accuracy of the informant’s report in the affidavit. The mere fact that the officers observed on December 7th persons entering and leaving the defendant’s residence, as we have said numerous times, was as consistent with innocence as with guilt. State v. Nelson, 381 So.2d 477 (La.1979); State v. Kinnemann, 337 So.2d 441 (La.1978).