BYRNES, Judge.
The State requests a review of the trial court’s ruling which granted defendant’s motion to suppress evidence pursuant to a search warrant. We reverse.
Officer Tommy Mercadel received information from a reliable confidential informant, who related that based upon personal knowledge, Bobby Brown was selling crack and powder cocaine from inside the business located at 2114 Elysian Fields Avenue. The officers then conducted a controlled purchase of cocaine from Bobby Brown. The confidential informant purchased cocaine from the defendant and told the officers that Bobby Brown went into his office to prepare the package of contraband. Magistrate Giarrus-so signed a search warrant application on March 4,1993 at 9:15 p.m. Officers conducted a search an hour later and seized 16 small plastic bags containing a white powder substance, one large bag containing a large white object, currency and some other drug paraphernalia.
The defendant was charged by bill of information on April 22,1993 with possession with attempt to distribute cocaine. He entered a plea of not guilty on May 6, 1993. On July 26, 1993, after a hearing, the trial court granted the defendant’s motion to suppress the evidence because the search warrant application indicates that the information received from the confidential informant and the controlled buy occurred on February 4, 1993, whereas, the search warrant was not issued or executed until March 4,1993. Officer Mercadel, however, testified that February 4, the date on the application, was the incorrect date. He stated that he received the information and conducted the controlled buy on March 4, the same day the search warrant was issued and executed.
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts and establishing the cause for the issuance of the warrant. A search warrant shall particularly describe the person or place to be searched, the persons or things to be seized, and a lawful purpose or reason for the search or seizure. LSA-C.Cr.P. art. 162; State v. Barrilleaux, 620 So.2d 1317 (La.1993). A magistrate’s determination of probable cause should be accorded great deference by a reviewing court, and the task of an appellate court is simply to insure the magistrate had a substantial basis for concluding that probable cause existed. State v. Williams, 608 So.2d 266 (La.App. 3rd Cir.1992). In doubtful cases, the preference of the appellate court should be to uphold the validity of a warrant so as to encourage law enforcement officials to submit evidence to a judicial officer before acting. State v. Watson, 423 So.2d 1130, 1134 (La.1982), appeal after remand, 449 So.2d 1321 (La.1984), certiorari denied 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
*729 In State v. Watson, supra, the search warrant affidavit contained incorrect dates regarding the day the crime occurred, the day the victim was discovered, and the day of the autopsy. The Louisiana Supreme Court stated:
[T]he confusion over the dates was clearly not the result of an intentional misrepresentation. All of the information in the affidavit was otherwise correct, and the dates in the affidavit were in no way critical to the application for the warrant or to the establishment of probable cause. We conclude that the unintentional errors in the dates had no effect on the validity on the warrant, and that the motion to suppress the evidence seized pursuant to that warrant was properly denied.
Watson, supra 423 So.2d at 1134.
In the present case, it is clear that the search warrant contained an unintentional misstatement of the date as February 4 rather than March 4. The inaccuracy in the date should not invalidate the search of the residence and the subsequent seizure of contraband considering the overwhelming probable cause and the good faith of the officers who acted reasonably. State v. Barrilleaux, supra.
Accordingly, the ruling of the trial court is reversed. Defendant’s motion to suppress is denied, and the case is remanded to the trial court.

REVERSED AND REMANDED.