471 So.2d 804 (1985)
STATE of Louisiana
v.
Robert GULTRY.
No. 84-KA-655.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
Rehearing Denied July 17, 1985.
*806 John M. Mamoulides, Dist. Atty., Gerald Alonzo, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Arthur L. Harris, Sr., New Orleans, for defendant-appellant.
Before KLIEBERT, CURRAULT and GAUDIN, JJ.
KLIEBERT, Judge.
The defendant, Robert Gultry, was charged by bill of information with possession of cocaine, in violation of La.R.S. 40:967(C). Defendant pled not guilty and on September 13-14, 1983, he was tried before a six-person jury. At the conclusion of the trial, the jury found the defendant guilty of attempted possession of cocaine. On October 19, 1983, after a new trial motion was denied, defendant was sentenced to two and one-half years at hard labor. Defendant now appeals on the basis of the four assignments of error filed below.

FACTS
The relevant facts concerning this case are as follows: An envelope addressed to Reverend Byron Clay, with a return address of Bogata, Colombia, was received at 1301 Third Street in Kenner, Louisiana, a business office which Reverend Clay had unsuccessfully attempted to lease from the defendant and Jim Lawrence. On April 26, 1983, within a few days after delivery of the envelope, Jim Lawrence brought the envelope to Reverend Clay at the latter's office located at 1617 Third Street in Kenner, Louisiana. Clay opened the envelope and found a card with a cartoon character on it and a plastic bag filled with a powdery white substance. Reverend Clay then showed the envelope and its contents to the secretary and others who were at his office that day.
According to Reverend Clay's testimony, the defendant then telephoned Clay and urgently asked to see him. Elton Jones then drove Clay to the defendant's grocery store to meet with the defendant. At this meeting, the defendant said that he had received a package addressed to both of them which he had given to his cousin in the F.B.I. Defendant suggested that he was being set up and inquired whether Reverend Clay had also received a similar package. Reverend Clay said that he had, and the defendant then demanded that Reverend Clay give him the package. The defendant claimed that he would give it to his cousin with the F.B.I., and that there would be some money in it for Reverend Clay. Reverend Clay testified that he had Elton Jones return with him to his office to retrieve the envelope. Clay removed a small portion of the white powdery substance from the contents of the envelope. He then delivered the envelope to the defendant. On April 27, 1983, Clay delivered the small portion of the white powdery substance he had taken from the envelope to Colonel Miller of the Jefferson Parish Vice and Narcotics Division.
*807 The defendant's testimony differs from the testimony of the state's witnesses on one crucial point. Defendant claims that it was Reverend Clay who first phoned him to inform him he had something to show him. The defendant claims he took the envelope from Clay at their meeting and flushed the white substance down the toilet.
In the first assignment of error, the defendant contends that the trial court erred in overruling his objection to the nature and scope of the state's rebuttal examination.
After the defendant presented his case, the state recalled Reverend Clay, in rebuttal. During the course of Clay's rebuttal testimony, the defense counsel objected to the testimony of Clay as being repetitious. The trial judge overruled the objection without stating reasons.
La.R.S. 15:282 provides that the prosecution has a right to rebut evidence adduced by the defendant. Rebutting evidence is that which is offered to explain, repeal, counteract or disprove facts given in evidence by the adverse party and may be used to strengthen the state's original case. State v. Williams, 445 So.2d 1171 (La.1984); State v. Howard, 120 La. 311, 319, 45 So. 260 (1907).
The determination of whether evidence is rebuttal and, hence, admissible, is within the sound discretion of the trial judge whose ruling will not be disturbed except in extreme cases as where the evidence has been kept back deliberately and for the purpose of deceiving and obtaining undue advantage of the defendant. State v. Williams, supra; State v. Huizar, 414 So.2d 741 (La.1982); cf. State v. Scott, 454 So.2d 851 (La.App. 5th Cir.1984); State v. Ditcharo, 452 So.2d 1201 (5th Cir.1984).
The direct testimony by Clay and the defendant were contradictory on the issue of who initiated the conversation which led to the meeting between them. On rebuttal, Clay repeated his version of the events.
In State v. Roach, 338 So.2d 621, 626 (La.1976) the Louisiana Supreme Court addressed this same issue and held that although rebuttal testimony was repetitious and perhaps error, it was not reversible error since the rebuttal testimony merely adverted to evidence already properly admitted and thus, the repetition did not "prejudic[e] the substantial rights of the accused. La.C.Cr.P. art. 921; State v. Major, 318 So.2d 19 (La.1975)."
We conclude that the repetitive testimony of Reverend Clay in rebuttal is not reversible error and did not prejudice the substantial rights of the defendant.
In the second assignment of error, the defendant contends that the trial court erred in making comments on the weight of the evidence in the presence of the jury.
Prior to the closing arguments, the trial judge explained to the jury that he would charge the jury after closing arguments and before their deliberations. During his explanation he noted for the jury that the only physical evidence for their consideration was the packet of cocaine (S-1) and a "report lease" (D-1), but that this physical evidence would not be allowed into the jury room during their deliberations. At that point the judge made the following observation:
I mentioned these things to you because I don't believe it is necessary to be taking those things in the jury room at this time. We have a limitation on the type of things that can go into the jury room and I don't think there is any point in taking the little packet of cocaine and it is probably the only thing that has any value and if you elect to believe that is cocaine, depending on how your reaction is to the chemical report, then the only thing we have is that little white packet and we are going to put that in the safety of the clerk so it does not get misplaced.
The defendant argues that these comments possibly caused the jury to place undue weight on the judge's comment that "the only thing of any value" in this case was the packet of cocaine. Defense counsel argues the comment was prejudicial to *808 a fair trial because the lease agreement was a very important item in the defendant's case since the package of cocaine was addressed to Reverend Clay. Defense counsel argues that the lease agreement shows that perhaps others, including Reverend Clay, had intended to receive and possess the package of cocaine.
La.C.Cr.P. art. 772 provides that "[t]he judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."
Reasons given by the trial judge in the jury's presence for his rulings on objections, or explaining the purpose for which evidence is offered or admitted are not objectionable as comments or expressions of an opinion provided they are not unfair or prejudicial to the accused. State v. Williams, 397 So.2d 1287 (La.1981); State v. Quincy, 363 So.2d 647 (La.1978); State v. Western, 355 So.2d 1314 (La.1978).
Where the trial court's remarks do not imply an opinion as to the defendant's guilt or innocence, remarks concerning the evidence have been held to be harmless error. State v. Joseph, 437 So.2d 280 (La.1983); State v. Hodgeson, 305 So.2d 421 (La.1974); State v. Williams, 355 So.2d 1291 (La. 1978).
The defendant failed to object to the judge's remarks at the time the remarks were made. Under La.C.Cr.P. art. 841, such failure to raise a contemporaneous objection waives the argument for appeal. State v. Ellwest Stereo Theatres, Inc., 412 So.2d 594 (La.1982); State v. Toomer, 395 So.2d 1320 (La.1981).
We find no merit in this assignment of error.
In the third assignment of error, the defendant contends the state failed to lay a proper foundation for the introduction of evidence.
In this assignment of error the defendant argues that neither the chain of custody nor any other evidence establishes that the cocaine was ever in his possession.
In order to introduce demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered into evidence. State v. Davis, 411 So.2d 434 (La.1982); State v. Drew, 360 So.2d 500 (La.1978). A continuous chain of custody is not essential to enable the state to introduce physical evidence. It suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case; lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than its admissibility. State v. Sam, 412 So.2d 1082 (La.1982); State v. Joseph, 454 So.2d 237 (La.App. 5th Cir.1984).
In the case at hand, Reverend Clay testified that the defendant requested that he give the package to him, but that before transferring it to the defendant, he removed from the envelope a small amount of the contents and placed the sample into a package which he initialed, dated, and subsequently turned over to Colonel Miller of the Jefferson Parish Narcotics and Vice Division. At trial Reverend Clay recognized and identified the evidence marked S-1 to be that same package.
Colonel Miller identified S-1 as the package received from Reverend Clay which he submitted to the crime lab.
Susan Alasqair, an analyst at the Jefferson Parish crime lab, testified that she tested the cocaine in question which she obtained from Colonel Miller. She visually identified her initials and item numbers that she marked on the package labeled S-1 and identified the package as the one which she placed in the Jefferson Parish evidence room after the test results were completed.
*809 We find that the evidence was clearly identified and that the chain of custody, from the time that Clay removed a sample of the white powdery substance from the package through the time the same was delivered to the proper authorities and subsequently introduced into evidence, was properly established and, therefore, we find no merit in this assignment.
In briefing this assignment of error the defendant also argues that the evidence was insufficient to support a guilty verdict. The defense counsel argues that: the evidence was misleading and wholly circumstantial, there was no evidence the defendant ever possessed the cocaine and the evidence does not exclude every reasonable hypothesis of innocence, as is required by R.S. 15:438 where the charge is based on circumstantial evidence.
The test on appeal is whether in viewing both the direct and circumstantial evidence, in the light most favorable to the prosecution, it is sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 441 So.2d 739 (La.1983).
In this case, we must therefore review the record to determine whether the evidence established that the defendant attempted to exercise actual or constructive possession of the cocaine.
There was direct evidence that the defendant obtained the envelope in question and its contents from Reverend Clay and that a sample taken from the substance in the envelope was cocaine. There was conflicting testimony as to whether the defendant or Reverend Clay initiated the meeting which led to the transfer of the envelope and its contents by Clay to the defendant. The defendant testified that he obtained the envelope from Clay, that he thought the substance contained therein was a drug, and that he discarded the substance after he received it from Clay.
When there is conflicting testimony, the credibility of witnesses is a matter within the sound discretion of the trier of facts. Factual determination will not be disturbed on review unless clearly contrary to the evidence. State v. Butler, 450 So.2d 764 (5th Cir.1984); State v. Richardson, 425 So.2d 1228 (La.1983).
Here the jury chose to believe the testimony of Clay and those witnesses who corroborated certain aspects of Clay's testimony and also chose to disbelieve the testimony of the defendant. We therefore conclude that the overall evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant attempted to possess the cocaine in the envelope delivered to Clay.
In the fourth assignment of error, the defendant contends that the trial court admonished defense counsel during his objection to the repetitive nature of Clay's rebuttal testimony.
We find no such admonition in the record nor does the record show that defense counsel objected to the trial court's remarks in overruling the defense objection. Failure to make a contemporaneous objection at the time of the alleged error waives the argument for appeal under La.C.Cr.P. art. 841. State v. Ellwest Stereo Theatres, Inc., supra; State v. Toomer, supra. We therefore find no merit in this assignment of error.
For the foregoing reasons, we affirm the conviction and sentence.