BOWES, Judge.
The defendant, Casandra French, was charged with a violation of LSA-R.S. 14:67 —Theft. Ms. French pled not guilty to the charge. A trial was held on May 9, 1988, after which the trial judge took the matter under advisement. On June 14, 1988, the defendant was found guilty of attempted theft and sentenced to fifteen (15) days in jail and a fifty ($50) dollar fine, plus court costs. The sentence and fine were suspended. Defendant now appeals. We affirm.
The facts of this case are as follows: Mr. Paul Mieding testified that, on January 31, 1987, he was employed by D.H. Holmes Co. as a security operative. On that date, in the afternoon, he was on the second floor in the “Better Dresses” section. While there, he observed the defendant, from a distance of a few feet, with an empty dress bag clearly marked with Godchaux’s initials. The defendant picked up a dress with D.H. Holmes’ tags from the rack and put it inside the bag. Once that dress was completely covered by the bag, the defendant picked up another dress from the rack, which was subsequently identified as one which had Godchaux’s tags attached to it, and turned away from the rack. At that point, a woman, later identified as Ms. French’s sister, Georgia Smith, walked up to Casandra French and whispered something in her ear. As Mr. Mieding walked towards Ms. French, she attempted to remove the Holmes’ dress from the God-chaux’s bag.
The defendant testified that she had purchased a dress from Godchaux’s in December, 1986, which she returned to that store for a different size on January 31, 1987. *1118 She stated she had the Godchaux’s bag with the dress from Godchaux’s with her while she browsed at D.H. Holmes. She testified that Mr. Mieding walked up to her and grabbed her arm and told her to come with him. He then brought her to the store’s security office and the police were called to the store.
The defendant stated that the God-chaux’s bag was tied at the bottom and she never removed the dress from the bag. Further, she added that Mr. Mieding grabbed a D.H. Holmes’ dress from the rack as they were walking away. As they neared the escalator, he tore the plastic bag off of the Godchaux’s dress.
Ms. French’s sister, Georgia Smith, testified and corroborated the story told by Ms. French.
The defendant presents two assignments of error:
1. Whether there was sufficiency evidence to find the defendant guilty of an attempted theft beyond a reasonable doubt.
2. Whether the two dresses alleged involved in the attempted theft were properly admitted into evidence in vio--lation of Article 226 of the Code of Criminal Procedure and Article 773 of the Code of Criminal Procedure.

Assignment of Error Number 1

In assessing the sufficiency of evidence, the due process standards as stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that the reviewing court determine whether, receiving the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Rosiere, 488 So.2d 965 (La.1986).
The defendant was convicted of attempted theft. LSA-R.S. 14:67 defines theft as follows:
§ 67. Theft
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
An attempt is defined in LSA-R.S. 14:27 as follows:
§ 27. Attempt
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
The defendant contends, in brief, that there are two reasons to consider the evidence insufficient to find an attempted taking of property. First, there was a purchase of a similar dress from Godchaux’s Department Store. Second, the testimony of Paul Mieding was to the fact that there was another dress (a Holmes’ dress) with a Godchaux’s bag that was found on the defendant. Defendant asserts that a very real explanation of the defendant’s action is the possibility that Ms. French may have inadvertently picked up the D.H. Holmes’ dress, thinking it was the Godchaux’s dress, which she had, in fact, purchased. She argues that this possibility alone seems to warrant a dismissal of the case as a failure by the State to show beyond a reasonable doubt that the defendant was attempting to steal a dress from D.H. Holmes.
However, at the trial, the defendant did not testify that she was confused about which dress she put into the Godchaux’s bag. In fact, she denied even picking up a D.H. Holmes’ dress and stated she did not untie the bottom of the Godchaux’s bag and never removed the Godchaux’s dress from the bag in which it was placed at the time she purchased it. Further, she stated it was Mr. Mieding who took the D.H. Holmes’ dress off the rack.
We are also faced with the testimony of Paul Mieding in which he stated that, not *1119 only did Ms. French place the D.H. Holmes’ dress into the Godchaux’s bag, but she also picked up the Godchaux’s dress from the rack and turned to walk away with both dresses in her hands — the D.H. Holmes’ dress completely covered by the God-chaux’s bag and the Godchaux’s dress in full view. At that point, Ms. French’s sister, who was aware of Mr. Mieding’s presence, walked up to Ms. French and whispered something in her ear. Ms. French then attempted to uncover the D.H. Holmes’ dress and Mr. Mieding stopped her.
The conviction in this case obviously turned on credibility of witnesses and such credibility is legally and properly determined by the trier of fact. State v. Arnaud, 412 So.2d 1013 (La.1982). When there is conflicting testimony as to a factual matter such as this, the question of the credibility of the witnesses is within the sound discretion of the trier of fact — in this case, the trial judge alone. Factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Butler, 450 So.2d 764 (La. 5 Cir.1984).
Here, the trial judge was faced with a credibility choice. He listened to the testimony of Mr. Mieding that Ms. French put the D.H. Holmes’ dress in the Godchaux’s bag and then picked up the Godchaux’s dress and started to walk away with both dresses and only attempted to remove the D.H. Holmes’ dress from the bag once she was made aware her actions had been observed. He also listened as Ms. French and her sister stated that the defendant never even picked up the D.H. Holmes’ dress or removed the Godchaux’s dress from the bag and, in fact, it was Mr. Mied-ing who took the D.H. Holmes’ dress from the rack and ripped the Godchaux’s bag.
We see no abuse in the trial judge’s decision to believe Mr. Mieding. We hold that the trial court’s determination of credibility in favor of Mr. Mieding does not appear erroneous. Thus, we reject defendant’s argument. This assignment of error lacks merit.

Assignment of Error Number 2

Defendant argues that the State introduced into evidence two dresses involved in the alleged theft and that, over the objection by the defense, these dresses were admitted into evidence. The testimony reveals that the two dresses that were seized by Mr. Mieding remained at D.H. Holmes from the time of the incident until the date of trial. Therefore, defense counsel argues that the proper foundation was not established for the introduction of the dresses into evidence.
Defense counsel first asserts that the requisites of LSA-C.Cr.P. art. 226 were not followed in turning over the evidence to the police. LSA-C.Cr.P. art. 226 states:
Art. 226. Duty of private person after making arrest
A private person who has made an arrest shall immediately turn the prisoner and all effects removed from him over to a peace officer.
That article states “and all effects removed from him.” There is no mention of evidence. The Official Revision Comment states in part:
(a) This article, following the source provision, places on the private person the sole duty of turning the prisoner and his effects over to a peace officer. The duty to book the arrested person is placed upon the peace officer to whom the person arrested is delivered. See Art. 228. [Emphasis added]
There is no prior jurisprudence which determined the legislative intent of this article. However, the wording of the comment relating to the prisoner and his effects convinces us that this article pertains, not to evidence seized, as argued by the defendant, but only to the prisoner’s personal belongings.
Defense counsel additionally argues that the requirements of LSA-C.Cr.P. art. 773 were not met. That article states:
Art. 773. Order of evidence
Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; *1120 but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible.
The Louisiana Supreme Court, in State v. Sweeney, 443 So.2d 522 (La.1983) discussed the introduction of demonstrative evidence. The court held:
To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Drew, 360 So.2d 500 (La.1978). The law does not require that the evidence as to custody eliminate all possibilities that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). [Emphasis added]
This court, in State v. Sharlow, 493 So. 2d, 213 (La.App. 5 Cir.1986) writ denied 496 So.2d 329 (La.1986), addressed the requirements for the chain of custody of evidence:
With regard to the break in the chain of custody to link the gun introduced at trial to the defendant and the instant crime, it is only required that the evidence as a whole establish more probably than not that the object introduced was the same as the object originally seized. State v. Vaughn, 431 So.2d 763 (La.1983); State v. Davis, 411 So.2d 434 (La.1982); State v. Landry, 388 So.2d 699 (La.1980); State v. Gultry, 471 So.2d 804 (La.App. 5 Cir.1985). Proof that the evidence is connected to the case may be made by visual identification or by chain of custody; thereafter, the weight of such evidence is a question for the jury. State v. Landry, supra. Lack of positive identification or a defect in the chain of custody also goes to the weight of the evidence. State v. Gultry, supra; State v. Sam, 412 So.2d 1082 (La.1982). Thus, the absence of the testimony of a person in a chain of custody where it has been otherwise demonstrated that the evidence is more probably than not connected to the case does not diminish the evidentiary value, rather it goes to the weight to be given the evidence by the jury in its determination of guilt or innocence. State v. Barrett, 350 So.2d 664 (La.1977).
Paul Mieding testified that the dresses in court were the ones he observed in the possession of the defendant and the ones he observed her conceal while at D.H. Holmes. The defendant, in her testimony, also identified both dresses as the dresses involved in this prosecution. We find, in this case, from the testimony of both Mied-ing and the defendant that the evidence is, indeed, more probably than not, connected to this case. In addition, both arguments are applicable to the weight and not the admissibility of the evidence. Barrett, supra. Thus, this assignment lacks merit.
We have also examined the record for any errors patent. LSA-C.Cr.P. art. 920. We found none that would require a reversal of the defendant’s conviction or sentence. We note, however, the minutes do not reflect the actual verdict. The defendant was found guilty of attempted theft; the minutes merely state the defendant was found guilty. The transcript is clear that the defendant was found guilty of attempted theft. Therefore, we order that the minutes be corrected to conform to the transcript.
Accordingly, the conviction and sentence are affirmed and the trial court is directed to correct the minute entry to conform to the transcript.
AFFIRMED.