621 So.2d 861 (1993)
STATE of Louisiana
v.
Tyronne ALEXANDER.
No. 93-KA-175.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 1993.
*862 John M. Crum, Jr., Dist. Atty., Carol Runnels Welch, Rodney A. Brignac, Asst. Dist. Attys., LaPlace, for plaintiff-appellee.
H. Thomas Murphy, Metairie, for defendant-appellant.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Tyronne Alexander was convicted by a jury in the 40th Judicial District of two counts of distribution of cocaine, LSA-R.S. 40:967(A)(1), and sentenced to 20 years at hard labor on each count, to run concurrently.
On appeal, Alexander assigns four district court errors. He argues that:
(1) the state illegally used peremptory challenges,
(2) the trial judge improperly admitted evidence of drugs from the alleged sales transaction,
(3) the jury verdict was erroneous, and
(4) the sentence was excessive.
In addition, he originally said that he had ineffective assistance of counsel but this *863 assignment of error was abandoned.[1] He does ask this Court to search for errors patent.
Our examination of the record does not reveal any errors necessitating reversal. Accordingly, we affirm Alexander's convictions. The only error patent was the failure of the trial judge, during sentencing, to give Alexander credit for time spent in custody prior to sentencing. Such allowance is mandatory, in accord with LSA-C.Cr.P. art. 880 and State v. Sherman, 532 So.2d 908 (La.App. 5 Cir.1988). Alexander's sentences are amended to include appropriate credit for time served.
Alexander was arrested as a result of an undercover operation in St. John Parish. According to trial testimony, Alexander sold one rock of crack cocaine to an undercover officer for $15.00 on October 1, 1990; and two nights later, he sold another rock of crack cocaine to the same officer for $40.00.

ASSIGNMENT NO. 1
Alexander was tried on March 4 and 5, 1992. He contends in this assignment of error that the state systematically excused black jurors. He cites Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Appellant says that two jurors were peremptorily excused by the prosecution. Our examination of the transcript, however, indicates that only one juror was peremptorily excused by the state, a man named Perry (first name not included in the record). Perry was peremptorily challenged by the state while the court was in the process of selecting two alternate jurors who were eventually excused. The state did not use any peremptory challenges during the selection of regular jurors who heard the case and who returned guilty verdicts. The record does not show the racial makeup of the jury.
Alexander, in his brief, contends that the state peremptorily excused Perry and another potential alternate juror, Michael Bourgeois. Bourgeois, it appears from the record, was excused by defense counsel.
When defense counsel objected to the state's challenge of Perry, the trial judge said:
"There has been no indication of a systematic exclusion on the basis of race."
The trial judge was correct. The state used only one of its 12 allotted peremptory challenges, and then to excuse an alternate juror. Under these circumstances, Alexander did not come close to making a prima facie showing of systematic, discriminatory exclusion of jurors because of their race.

ASSIGNMENT NO. 2
In this assignment of error, Alexander says that the cocaine introduced as evidence was not properly identified and that the state did not prove a chain of custody.
In order to introduce demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. See State v. Sweeney, 443 So.2d 522 (La.1983) and State v. Gultry, 471 So.2d 804 (La.App. 5 Cir.1985).
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. See State v. Sam, 412 So.2d 1082 (La.1982). Appeal after remand, 478 So.2d 769 (La.App. 3 Cir.1985), writs denied at 483 So.2d 1019 (La.1986); and State v. Gultry, supra.
In the instant case, the undercover agent identified two rocks of crack cocaine *864 in sealed packets as the rocks purchased from Alexander. The agent had sealed each packet with yellow tape and he had initialed each seal.
The packets were sent to the state police crime lab, where they were opened at the end opposite the yellow tape. The rocks were then chemically analyzed and returned to the packets, which were closed with red tape and initialed. The state produced a series of witnesses to establish this chain of custody.
Nonetheless, Alexander contends that the rocks should not have been introduced. When the state was introducing as evidence the cocaine purchased by the undercover agent on October 3, 1990, the agent was asked if that rock was the one purchased on that date. The agent said:
"It appears to be ...
"I can't distinctly remember each rock I purchased throughout the whole investigation. It would be impossible to say this positively. But, being that the seal is still on the bag and all the cocaine looks the same I will have to go by the size."
This testimony, plus the unbroken seals and the established chain of custody, makes it more probable than not that the rocks introduced at trial were the ones purchased from Alexander. Moreover, a lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. See State v. Sam, supra.
Alexander was actually charged with three counts of distribution. The third count charged Alexander with selling cocaine on October 10, 1990. Alexander was found not guilty of count three. The jurors stated on the verdict sheet, regarding count three:
"We, the jury, find the defendant, Tyronne Alexander, not guilty due to improper evidence labeling procedure."
The evidence in count three, a rock of crack cocaine, was in a bag that lacked an evidence label and was not marked with the alleged date of purchase.
Thus, the jury, apparently, was aware of the chain of custody requirement. In any event, the submission of evidence in counts one and two was proper despite the undercover agent's remarks. Unmarked rocks of crack cocaine apparently do look alike; however, when the rocks are in marked and sealed packets and when there is a chain of custody, the rocks can be reliably identified.

ASSIGNMENT NO. 3
Here, Alexander argues that it was "entirely illogical and inconsistent" for the jury to convict him of counts one and two and to acquit him on count three.
The jury gave its reason for finding Alexander not guilty of the October 10, 1990 sale. The evidence was not sufficiently labeled. This assignment of error is without merit.

ASSIGNMENT NO. 4
Before Alexander was sentenced, the court ordered a presentence investigation, which was received and given consideration, by the trial judge. Alexander contends in this assignment of error that his two 20-year concurrent sentences were excessive.
Appellant, however, did not file in district court a motion to reconsider his sentences.
LSA-C.Cr.P. art. 881.1(D) provides:
"Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion to appeal or review."
See also State v. Morgan, 612 So.2d 302 (La.App. 5 Cir.1992), and State v. Carter, 609 So.2d 261 (La.App. 5 Cir.1992).
Alexander's convictions and his sentences, as amended to include credit for time served, are affirmed.
*865 CONVICTIONS AFFIRMED, SENTENCES AFFIRMED AS AMENDED.
NOTES
[1] In his brief, Alexander states: "After further consideration, defendant abandons this assignment of error."