SUSAN M. CHEHARDY, Judge.
| gThis is a Crosby appeal from the trial court’s ruling on the defendant’s Motion to Suppress Evidence. We affirm and remand for correction of patent errors.
On April 28, 2010, the Jefferson Parish District Attorney filed a bill of information charging Darius J. Clement with violations of La. R.S. 14:95.1, possession of a firearm by a convicted felon (count one), and La. R.S. 40:967(C), possession of cocaine (count two).[1] At his arraignment on May 17, 2010, the defendant entered pleas of not guilty to both charges.
The defendant filed a motion for discovery and inspection and for exculpatory evidence, as well as a motion to suppress confession, identification, and physical evidence.[2] The defendant argued that the application for a search warrant lacked sufficient probable cause because it was based on statements of an untested and unreliable informant. On September 6, 2011, the trial judge denied the motion to suppress evidence. The defendant objected.
|3On the same date, the defendant withdrew his not guilty pleas and pleaded guilty as charged to both counts, pursuant to State v. Crosby.[3] The trial court sentenced the defendant to ten years of imprisonment at hard labor as to count one, and to two years of imprisonment at hard labor as to count two. These sentences were ordered to run concurrently with each other, as well as to run concurrently with the sentences imposed in case numbers 09-4389 and 10-2190.[4]
The defendant filed a timely appeal.

FACTS

Because the defendant pleaded guilty prior to trial, no evidence of the offenses was offered. During the plea colloquy, *464 however, the State offered the following factual basis for the guilty pleas:
On March 31 ..., 2010, the detectives from the narcotics division of Jefferson Parish Sheriffs Office executed a search warrant at 3525 Ames Boulevard, the defendant’s residence, and they found inside a dresser drawer a Beretta PS-4 Storm 9 millimeter handgun in a plastic bag containing off-white rocks. And also in the residence was about 4 ounces—4 grams of marijuana on top of the dresser. The cocaine was about just under 8 grams, along with the handgun. And the defendant had previously been convicted of possession with intent to distribute, and that’s the predicate for the 95.1.[5]

PRELIMINARY ISSUES

We note two threshold issues to be decided before the issues raised on appeal. First, whether the ruling was properly preserved for review; second, whether this Court can consider evidence that is missing from the evidence envelope in the record on appeal.
^Preservation of Crosby appeal
Although the transcript, the waiver of rights form, the commitment, and the notice of appeal reflect that the defendant’s plea was made pursuant to State v. Crosby, the record does not reflect the specific ruling preserved for review.
A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Turner, 10-995, p. 4 (La.App. 5 Cir. 9/27/11), 75 So.3d 491, 492, writ denied, 2011-2379 (La.4/27/12), 86 So.3d 625. A defendant may be allowed appellate review, however, if at the time he enters a guilty plea he expressly reserves his right to appeal a specific adverse ruling in the case. Id.
A defendant’s failure to specify which pre-trial ruling he desires to reserve for appeal as part of a guilty plea entered pursuant to Crosby may limit the scope of appellate review, but does not preclude review altogether. State v. Joseph, 03-315, p. 1 (La.5/16/03), 847 So.2d 1196 (per curiam).
Absent a detailed specification of which adverse pre-trial rulings the defendant reserved for appellate review as part of his guilty plea, an appellate court should presume that the Crosby reservation preserves review of those evidentiary rulings which “go to the heart of the prosecution’s case,” such as the denial of a motion to suppress, and not rulings that may affect the conduct of the trial but do not substantially relate to guilt, such as the denial of a continuance or severance. Joseph, 03-315 at 1-2, 847 So.2d at 1196-1197.
Considering the above, we find that the denial of the defendant’s motion to suppress evidence is properly before this Court.
Evidence not in the record
At the August 4, 2011 hearing on the motion to suppress evidence, no testimony was presented. The State introduced the search and seizure warrant and | fiits application as State’s Exhibit 1. The defendant submitted on the four corners of the warrant for a ruling on whether there was sufficient probable cause for issuance of the warrant. On August 29, 2011, the defendant filed a memorandum in support of his motion to suppress the evidence, attaching to the memorandum the application for the search and seizure warrant and its supporting affidavit, as well as the search and seizure warrant itself.
*465 We note that the documents filed by the State on August 4, 2011 are missing from the appellate record. Although those documents were submitted as State’s Exhibit 1 at the August 4, 2011 hearing, they are not in the exhibit envelope contained with the record in this case. The August 4, 2011 minute entry reflects that State’s Exhibit 1 was presented, however. The transcript from the suppression hearing on September 6, 2011 indicates that defense counsel assumed that the search warrant was previously introduced and was before the court. Prior to ruling on the suppression motion, the trial judge indicated she had reviewed all of the exhibits submitted.
In State v. Nichols, 03-1317, p. 6 (La.App. 5 Cir. 3/30/04), 871 So.2d 590, 593-94, this Court recognized the following:
[Bjoth the Louisiana Supreme Court and this Court have recognized that courts of appeal have no authority to receive or review evidence not contained in the district court record. State v. Oubichon, 422 So.2d 1140, 1141 (La.1982); State v. Bibb, 626 So.2d 913, 924 (La.App. 5 Cir.1993), writ denied, 93-3127 (La.9/16/94), 642 So.2d 188.
Although the exhibits are not in the record as lodged, the clerk of the district court has advised the exhibits were sent to this Court when the record was lodged.
We conclude that we may review these exhibits because they were properly introduced into evidence. Ordinarily, the absence of the exhibit from the evidence folder would require a remand to the district court for insertion of the missing |,¡exhibit into the record. However, since a copy of these exhibits is attached to the defendant’s memorandum in opposition to the motion to suppress, we can review the copy of the evidence attached to the defendant’s memorandum.

ASSIGNMENT OF ERROR NUMBER ONE

It was an abuse of the trial court’s discretion to deny the motion to suppress the evidence recovered pursuant to a search warrant based on the uncorroborated statements of an untested informant who had previously given false information to law enforcement on the same investigation.
The defendant argues that the application for the search warrant in this case lacked sufficient probable cause to justify the search of the defendant’s residence, because the search warrant was based wholly on the statements of an untested and unreliable informant.
The defendant contends the informant had no prior relationship with the affiant, Detective Biondolillo, except that the informant stole money from the Jefferson Parish Sheriffs Office in a prior attempted undercover buy. The defendant further contends there was no investigation to corroborate the statements of the informant, but more investigation was required to establish the veracity and credibility of the informant’s statements.
The defendant asserts the source used for the affidavit was known to the police to be not credible, noting that the informant had an extensive criminal history. He suggests that the magistrate did not have sufficient information to determine probable cause.
The defendant argues the good faith exception to the warrant requirement does not absolve the officers in this case, because the affidavit is so lacking of indicia of probable cause there could be no reasonable good faith belief that probable cause existed. He asks this Court to reverse the trial court’s denial of the 17motion to suppress the evidence, grant the motion, reverse the conviction, and *466 remand this matter to the district court for further proceedings.
The State responds that the facts of the case and the applicable law do not support the defendant’s contentions, and that there was sufficient probable cause for issuance of the search warrant. The State argues that the information supplied by the informant, in which he implicated both himself and the defendant in criminal activity and directed the police to evidence detrimental to his own case, was more than sufficient to support the issuance of a warrant to search the defendant’s residence. The State contends that previously supplying information to the police that led to arrests or convictions is not a prerequisite for issuance of a valid warrant.
Alternatively, the State asserts, even assuming arguendo that the search warrant was based upon less than probable cause, the evidence seized pursuant to the warrant should not be suppressed because the record established that the application for the search warrant was presented in good faith to a neutral and detached magistrate and that police reliance upon the finding of probable cause was reasonable under the facts and circumstances of the case.
In the present case, the “Application for and Affidavit in Support of a Search and Seizure Warrant” was prepared by Detective David Biondolillo, who requested that a search and seizure warrant be issued for the search of 3525 Ames Boulevard in Marrero, La. 70072 to locate a black Ber-retta PX4 Storm 9mm caliber handgun and any accessories such as ammunition and magazines. The application included the following reasons for the warrant:
On March 18, 2010, at approximately 5:59pm [sic], an undercover narcotics agent with the Jefferson Parish Sheriff’s Office negotiated a narcotics transaction with a black male, subsequently identified as John Gustave, Jr. During the negotiation, Gustave produced, Isdisplayed and offered to sell a 9 mm Beretta PX Storm to the undercover agent. Arrangements were made for the undercover agent to purchase the aforesaid semiautomatic handgun later on this date. During the ensuing transaction, the undercover agent transferred the stipulated currency, $200.00, to Gus-tave, as Gustave emptied the handgun’s magazine. Immediately thereafter, Gustave fled the area and successfully eluded arrest on that date. A subsequent search of Gustave’s residence, 2600 Colorado Drive in Marrero, failed to produce the handgun, any accessories or ammunition associated with the handgun. Pursuant to the failed handgun transaction, a warrant of arrest was secured under item number C-20015-10 for John Gustave for theft under $300.00 and felon in possession of a firearm.
On March 29, 2010 John Gustave was arrested for the outstanding warrant and on March 31, 2010 he was transported from the Jefferson Parish Correctional Center to the Investigations Bureau for questioning. Once at the Investigations Bureau, John Gustave waived his Miranda rights and provided Narcotics Agents from the Jefferson Parish Sheriffs Office with several inculpatory taped statements relative to the initial narcotics sale and subsequent theft of the $200.00 from the undercover agent during the attempted purchase of the handgun on March 18, 2010. In brief, Gustave confirmed the handgun was, in fact, a 9mm Beretta PX Storm and positively identified Darius Clement as an associate to whom he sold the handgun to in the days prior to his arrest on March 29, 2010 at his residence, which is located 3525 Ames Blvd Marrero, Louisiana 70072. According to Gustave, Darius Clement stated the handgun *467 would be retained at 3525 Ames Blvd. for personal protection until such time as Gustave wished to reacquire it.
Gustave advised that he and Darius Clement have been associates for several years. Gustave stated he purchases narcotics from Clement. Gustave further advised that he sold the firearm to Clement for money and crack cocaine. Furthermore, Gustave named Darius Clement by first name, positively identified him through a color photographic line-up, identified the vehicle he uses, and positively identified Clement’s residence at 3525 Ames Blvd.
A search of Clement’s criminal history revealed that Clement has been previously arrested for crimes of violence, weapons charges and numerous drug charges. 19Clement was also convicted of violating RS40:967(A) for which he was sentenced to seven years at hard labor.[6]
Thereafter, the hearing resumed on September 6, 2011, again with no witness testimony. The defendant presented four exhibits, including minute entries from July 19, 2011 and February 28, 2007 that involved Gustave, the bill of information from a case involving Gustave, and an audiotaped statement from Gustave.
The defendant expressed his intention to show that Gustave had five prior felony convictions and that he pleaded guilty to possession of the same gun that the defendant was accused of possessing. The defendant argued there was no basis to believe Gustave and there was nothing in the warrant about Gustave providing information in the past that led to arrests or convictions. He also argued that there was no police investigation or surveillance and that the defendant’s house was searched based on a warrant obtained solely on the information from Gustave, who had been convicted of five prior felonies and who had received a “deal.”
The State argued the defendant failed to prove that any representations in the affidavit were false. The State argued the defendant’s one conviction for possession with intent to distribute “crack” was sufficient corroboration. The State further argued it did not matter that Gustave pleaded guilty to possession of the same gun, because the gun was seized from the defendant’s house on the date charged in the bill of information.
The defendant again attacked the credibility of Gustave and argued that he did not think the magistrate had all of the information before her when she signed the warrant.
| inThe State argued it was not inconsistent for two people to be in possession of the same gun at different times. The judge stated she had listened to oral arguments and had an opportunity to review all exhibits submitted. She then denied the motion to suppress, and the defendant objected.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Thomas, 08-390, p. 6 (La.App. 5 Cir. 1/27/09), 8 So.3d 80, 83, writ denied, 09-0626 (La.11/25/09), 22 So.3d 170. If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial. Id.
A defendant who is adversely affected may move to suppress evidence from the use at the trial on the merits on the ground that it was unconstitutionally obtained. La.C.Cr.P. art. 703(A).
*468 As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant. State v. Holmes, 08-719, p. 6 (La.App. 5 Cir. 3/10/09), 10 So.3d 274, 278, writ denied, 09-0816 (La.1/8/10), 24 So.3d 857.
“A search warrant may issue only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized.” State v. Lee, 05-2098, p. 14 (La.1/16/08), 976 So.2d 109, 122, cert. denied, 555 U.S. 824, 129 S.Ct. 143, 172 L.Ed.2d 39 (2008).
Probable cause for the issuance of a search warrant exists when the facts and circumstances -within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the |„place that is to be searched. Lee, 05-2098 at 14, 976 So.2d at 122 (quotations omitted).
A search warrant must establish a probable continuing nexus between the place that is sought to be searched and the property that is sought to be seized. State v. Casey, 99-0023, p. 4 (La.1/26/00), 775 So.2d 1022, 1028, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
The facts establishing probable cause for the warrant must be contained within the four corners of the affidavit. State v. Green, 02-1022, p. 8 (La.12/4/02), 831 So.2d 962, 969.
An affidavit supporting a search warrant is presumed to be valid and the defendant has the burden of proving that the representations made in the affidavit are false. State v. Dee, 09-712, p. 11 (La.App. 5 Cir. 2/23/10), 34 So.3d 892, 899, writ denied, 10-0705 (La.10/29/10), 48 So.3d 1097.
Under La.C.Cr.P. art. 162, “[a] search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.” Art. 162 requires the facts establishing probable cause be recited in the affidavit because it is the judge, not the affiant, who must be satisfied as to the existence of probable cause. State v. Wells, 253 La. 925, 221 So.2d 50, 53 (1969).
A magistrate must be given enough information to make an independent judgment that probable cause exists to issue a warrant. Green, 02-1022 at 7, 831 So.2d at 968. Moreover, the process of determining probable cause simply requires that enough information be presented to the issuing magistrate to enable the magistrate to determine that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal justice system. Id. (quotation omitted).
112The magistrate’s determination of probable cause to issue a search warrant is entitled to significant deference on review, and “marginal cases should be resolved in favor of a finding that the issuing magistrate’s judgment was reasonable.” State v. Rodrigue, 437 So.2d 830, 833 (La.1983).
Further, if the magistrate finds the affidavit sufficiently detailed and reliable to show probable cause, the reviewing court should interpret the affidavit in a realistic and common sense fashion, being aware that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. Green, 02-1022 at 8, 831 So.2d at 969. Within these guidelines, courts should strive to *469 uphold warrants in order to encourage their use by police officers. Id.
In establishing that an informant’s tip is sufficient to provide a basis for a finding of probable cause, the affiant should include statements about the informant’s reliability and about the manner in which the informant obtained the information. Dee, 09-712 at 10, 34 So.3d at 899. Nevertheless, there are no specific tests to be satisfied by an informant’s tip, and the magistrate may issue the warrant when the totality of the circumstances, viewed in a common sense and non-technical manner, establishes there is a fair possibility that contraband or evidence of a crime will be found in a particular place. Dee, 09-712 at 10-11, 34 So.3d at 899.
The reviewing court must simply insure that under the totality of the circumstances, the issuing magistrate had a “substantial basis” for concluding that probable cause existed. Green, supra, citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
In Gates, the United State Supreme Court abandoned its more specific “two-prong” test for determining whether information obtained from a confidential informant was sufficient to establish probable cause.
| iaThe “two-prong” test, developed in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969),[7] prohibited a finding of probable cause based on information from a confidential informant unless both the “veracity” or “reliability,” and the “basis of knowledge” of the information could be shown. However, a confidential informant’s veracity, reliability, and basis of knowledge continue to be highly relevant factors in determining probable cause. State v. Horton, 01-2529, pp. 4-5 (La.6/21/02), 820 So.2d 556, 559.
When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. See La. C.Cr.P. art. 703(D); State v. Johnson, 08-265, p. 5 (La.App. 5 Cir. 8/19/08), 994 So.2d 595, 599. The trial court is afforded great discretion when ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of its discretion. Lee, 05-2098 at 15, 976 So.2d at 122; State v. Rogers, 09-13, p. 9 (La.App. 5 Cir. 6/23/09), 19 So.3d 487, 493, writ denied, 09-1688 (La.4/9/10), 31 So.3d 382.
In the case before us, the defendant argues that the application for the search warrant lacks probable cause because the informant, Gustave, was untested and unreliable. Contrary to the defendant’s claim, however, the independent reliability of the informant is not the issue. The issue is whether, under the totality of the circumstances, there is a sufficient basis upon which the trial court could have found probable cause to issue the search warrant. See State v. Robinson, 03-1350, p. 7 (La.App. 5 Cir. 3/30/04), 871 So.2d 575, 580, writs denied, 888 So.2d 767 (La.11/15/04). While the veracity, reliability or basis of knowledge of a confidential informant is relevant in evaluating probable cause, it is not the determining factor. Id.
1 uThe defendant suggests that Gustave was not credible because of his past criminal history and his involvement in the criminal activity involving the gun he was going to sell during the transaction with the undercover agent. Further, at least during the hearing, the defendant suggested that Gustave was not credible because *470 he was receiving a “deal” in exchange for his information.
However, as explained in Schlosser, La. Crim. Trial Prac. (4th Ed.), § 4.6, p. 53,
Since crime rarely occurs before the very eyes of a police officer, and officers do not readily pass into the criminal world unnoticed, they must frequently rely on tips from informants for leads on offenses and offenders. These informants are often offenders themselves— persons who have been arrested for a crime and are hoping to “deal” their way out of trouble by providing incriminating information about others.
In Illinois v. Gates, the United States Supreme Court swapped the “two-prong” Aguilar-Spinelli test with a “totality of the circumstances” test. Schlosser, La. Crim. Trial Prac. (4th Ed.), § 4.6, p. 54. The Louisiana Supreme Court has likewise adopted the “totality of the circumstances” test; however, it still considers as key factors in that test the past reliability of the informant and the factual basis on which the informant obtains his information. Id.
Although the affidavit does not include information regarding the past reliability of Gustave, the factual basis in which he obtained his information offers support for probable cause. Gustave’s relationship with the defendant involved the purchase of narcotics from the defendant, which was incriminating to Gustave. Directing the officers to the gun resulted in incriminating evidence against Gustave.
“Even though an informant has not previously supplied information, his reliability may be established if his information also incriminates himself as a | ^declaration against his own interest[.]” La.Crim. Trial Prac. (4th Ed.), § 4.6, p. 55 (citing State v. Krolowitz, 407 So.2d 1175, 1178 (La.1981)). Also, the affidavit suggested that Gustave knew the defendant for several years and knew information about the vehicle he used and the location of his residence.
Further, identifying the informant by name can satisfy the credibility factor. See Krolowitz, 407 So.2d at 1178. In the present case, the informant was Gustave and was named in the affidavit as the source of the information.
According to the affidavit, Gus-tave informed the officer that he had recently sold the gun in question for money and crack cocaine to the defendant, a person who had previously sold him narcotics. Although the defendant argues that there was no investigation or surveillance to corroborate the information submitted by Gustave, the affidavit contained a statement regarding the defendant’s prior arrests and a conviction for a violation of La. R.S. 40:967(A).
“Mere suspicion that a suspect has a prior criminal record is entitled to no weight with the judge, but actual knowledge that he has committed particular offenses may apparently be considered to establish probable cause.” La.Crim. Trial Prac. (4th Ed.), § 4.6, p. 55, citing State v. Stephenson, 387 So.2d 1111 (La.1980). In Stephenson, the court noted that the affi-ant had an independent basis for believing the informant’s report to be true, recognizing that the informant said he saw marijuana in the defendant’s trailer, which was consistent with what the deputy knew of defendant’s history. The court found that “[t]his knowledge corroborated the informant’s report and bolstered his reliability.” Id. at 1113.
Based on the foregoing, we find there was sufficient probable cause for issuance of the search warrant. It does not appear that the affiant attempted to mislead the magistrate regarding Gustave’s credibility. The affidavit explained that Gustave had been involved in a negotiated narcotics *471 transaction, had offered to sell 11fithe firearm to an undercover agent, and then after accepting money eluded arrest. The affidavit advised that Gustave was arrested for being a felon in possession of a firearm, suggesting that he had a prior criminal history. The affidavit further explained that Gustave informed the officer that he sold the firearm to the defendant at the defendant’s residence and the firearm would remain at the defendant’s residence and would be used for personal protection until the time Gustave decided to reacquire it. The affidavit sufficiently showed there was probable cause that the firearm would be found in the defendant’s residence, based on Gustave’s first-hand knowledge.
Although the defendant argues that Gustave was not reliable and was not credible, it appears that Gustave, who was named in the affidavit, incriminated himself by admitting to buying narcotics from the defendant. Further, his knowledge of the whereabouts of the gun involved in the transaction with the undercover officer offered evidence against him. Under the totality of the circumstances, we conclude that the magistrate had a substantial basis for determining there was probable cause to issue the search warrant for the defendant’s residence.
Nevertheless, even assuming the affidavit did not establish probable cause to support the issuance of a search warrant, suppression of the evidence seized pursuant to the warrant is not automatically required. Johnson, 08-265 at 7, 994 So.2d at 600 n. 8. Where a law enforcement officer relies in good faith on a magistrate’s probable cause determination and the technical sufficiency of the warrant, exclusion of the evidence is not proper. Johnson, supra.
In U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the U.S. Supreme Court created an exception to the rule where a law enforcement officer relies in good faith on a magistrate’s probable cause determination and the |17technical sufficiency of the warrant. The court held that evidence seized pursuant to a search warrant issued without sufficient probable cause need not be suppressed if the officers who executed it believed it had been validly issued.
The Leon court enumerated four instances in which suppression remains an appropriate remedy: (1) where the magistrate or judge was misled by information the affiant knew was false or would have known was false except for a reckless disregard for the truth, (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role, (3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, and (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. Leon, 468 U.S. at 923, 104 S.Ct. at 3421.
The exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates. Where the official action was pursued in complete good faith, the deterrence rationale loses much of its force. Leon, 468 U.S. at 919, 104 S.Ct. at 3418-19. (quotation omitted). It appears that none of these factors exist in this case, and there is no evidence that the police officer obtained the warrant in bad faith. Thus, we find that there is no basis to exclude the evidence, even if there were deficiencies in the warrant.
We find that the trial court did no abuse its discretion in denying defendant’s motion to suppress the evidence.

*472
ERROR PATENT DISCUSSION

Pursuant to our usual procedure, the record was reviewed for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
| TSIt appears that the defendant received an illegally lenient sentence for his conviction of being a felon in possession of a firearm. Pursuant to La. R.S. 14:95.1, the defendant’s sentence was supposed to be imposed without benefit of parole, probation, or suspension of sentence. No corrective action is required, however, because under La. R.S. 15:301.1 and State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, a statute’s requirement that a defendant be sentenced without the benefit of parole, probation, or suspension of sentence is self-activating. See Turner, 10-995 at 6, 75 So.3d at 494.
Further, the same sentence was also imposed without the mandatory fine of “not less than one thousand dollars nor more than five thousand dollars.” See La. R.S. 14:95.1.
This Court has the authority to correct an illegally lenient sentence. La. C.Cr.P. art. 882. However, this authority is permissive rather than mandatory. State v. Ford, 11-91, p. 10 (La.App. 5 Cir. 12/13/11), 81 So.3d 841, 847, writ denied, 2012-0064 (La.4/20/12), 85 So.3d 1269. When a defendant is sentenced pursuant to a guilty plea, this Court has declined to correct an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and that resulted in disposition of the case favorable to the defendant. Ford, supra at p. 10, 81 So.3d 841. See also Turner, 10-995 at 6, 75 So.3d at 494 (citing State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136 (per curiam)).
The State mentions the lack of a fine (as well as the failure of the judge to restrict benefits) in its brief on this appeal, but does not request any action.
Accordingly, we decline to exercise our authority in this regard. See Turner, supra; State v. Caccioppo, 10-385, p. 9 (La.App. 5 Cir. 2/15/11), 61 So.3d 61, 66.
|lnThe transcript reflects that both of the sentences were ordered to be served at hard labor. The commitment, however, only specifies that the ten-year sentence was imposed at hard labor.
Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). Therefore, we shall remand this case for correction of the commitment, with instructions to the district court.

DECREE

For the foregoing reasons, the conviction and sentences are affirmed. The case is remanded and the district court hereby is ordered to correct the commitment as indicated in this opinion, and to direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced, as well as to the Legal Department of the Department of Correction. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

AFFIRMED AND REMANDED WITH INSTRUCTIONS

.In count one, the State alleged that the defendant was in possession of a Beretta "RX4” Storm and that he had been previously convicted of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A), under case number 01-2372 in Division "C” in the 24th Judicial District Court in Jefferson Parish. Count two of the bill of information also charged a co-defendant, Evita B. Clement, with possession of cocaine.

. The defendant also filed a motion for production of Detective David Biondolillo’s personnel file for in camera inspection.

. State v. Crosby, 338 So.2d 584 (La.1976).

. The defendant was also ordered to pay a fee of $35 to IDB (the Indigent Defender Board).

. The bill of information describes the firearm using the initials "RX” and the search warrant and its affidavit describes the firearm with the initials "PX.”

. It is noted that the informant's name is also spelled as "Gustav” in the record.

. Aguilar and Spinelli were abrogated by Gates.