STATE OF LOUISIANA

VERSUS

ERIC JAMES

NO. 23-K-186

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

June 01, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** ERIC JAMES

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SCOTT U. SCHLEGEL, DIVISION "D", NUMBER 22-3831

Panel composed of Judges Fredericka Homberg Wicker, Robert A. Chaisson, and Cornelius E. Regan, Pro Tempore

**WRIT GRANTED**

In this writ application, defendant/relator, Eric James, seeks review of the trial court's March 9, 2023 denial of his motion to suppress evidence. For the following reasons, we grant the writ application, grant the motion to suppress evidence, and remand for further proceedings.

***Facts and Procedural History***

On August 11, 2022, defendant was charged with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 and possession of Oxycodone in violation of La. R.S. 40:967(C). He pled not guilty. On March 9, 2023, a suppression hearing was conducted.[1] At the hearing, defendant argued that a

---

[1] The record before us does not show that defendant filed a written motion to suppress evidence. A motion to suppress should be in writing. *State v. Simmons*, 08-269 (La. App. 5 Cir. 10/28/08), 996 So.2d 1177, 1182 n.1, *writ denied*, 09-15 (La. 9/25/09), 18 So.3d 81. However, in *State v. Richardson*, 18-401 (La. App. 5 Cir. 2/6/19), 265 So.3d 1006, 1010 n.3, this Court found that even though the defendant did not file a written motion to suppress, this Court could review the ruling where the State did not object to the procedural deficiency and the trial court held a suppression hearing. Accordingly, in the present case, we will review the denial of defendant's motion to suppress.

search warrant issued on July 7, 2022 was invalid and that all of the evidence recovered as a result of this warrant should be suppressed.

At the suppression hearing on March 9, 2023, Detective Frank Alvarenga of the Kenner Police Department testified as to his involvement in the investigation that led to defendant's July 7, 2022 arrest and the subsequent search and seizure of evidence. Also, Detective Alvarenga's affidavit in support of the July 7, 2022 search warrant, which sets forth the circumstances leading up to defendant's arrest, was admitted into evidence.

According to the testimony and affidavit, on November 22, 2021, Detective Alvarenga obtained a search warrant for 2730 Jasper Street in Kenner, after officers had attempted to stop a vehicle and the occupants ran inside this residence. During a protective sweep and prior to obtaining the search warrant, officers located defendant in the living room, and he identified his bedroom within the residence. Defendant was instructed to wait outside of the residence, but upon completing the sweep, it was discovered that defendant had left the scene.

During the execution of the search warrant, nine grams of cocaine was located in the bedroom belonging to defendant. On December 22, 2021, Detective Alvarenga obtained an arrest warrant for defendant for a violation of "L.R.S. 40:967 A/03-B-Possession with Intent to Distribute a Schedule II Controlled Dangerous Substance, cocaine (9 grams)."

Over six months later, on July 7, 2022, detectives were conducting surveillance at 2730 Jasper Street and saw defendant exit the residence and drive away in a vehicle. In order to arrest defendant on the outstanding warrant, defendant was pulled over a short time later. No narcotics were found on defendant or in the vehicle. Detective Alvarenga testified that there was nothing to suggest that defendant had committed a crime that day, and he was being arrested solely based on the arrest warrant.

During the stop, defendant provided an address in Geismar, LA and denied that he had ever lived at 2730 Jasper Street in Kenner. Due to the inconsistencies in defendant's story as to where he resided, Detective Alvarenga sought a search warrant for documents to show that defendant lived at 2730 Jasper Street. Detective Alvarenga testified that he believed defendant lived there because in November of 2021, defendant identified his bedroom in the residence and the officers located an Entergy bill in defendant's name inside this bedroom. Although the affidavit provided that the officers were looking for documentation in connection with the November 2021 offense of distribution or possession with intent to distribute cocaine, Detective Alvarenga testified that he sought a search warrant for documentation which could prove defendant *still* resided at 2720 Jasper Street.

During the execution of the search warrant on July 7, 2022, officers found paraphernalia, marijuana, money, and a loaded firearm. The marijuana was located in the living room, and the loaded weapon and money were found in a box in defendant's bedroom closet. Upon locating these items, the search was stopped while Detective Alvarenga obtained a second search warrant for narcotics.

During the suppression hearing, the State introduced both of the search warrants signed on July 7, 2022. The State argued the evidence was properly seized because the police officer was in good faith due to his knowledge that defendant was dealing drugs out of his home. Defendant responded that Detective Alvarenga already had evidence that defendant lived at 2730 Jasper Street, so the search warrant to look for documents was clearly a subterfuge to look for drugs.

The trial court denied the motion to suppress evidence, finding that the first July 7, 2022 search warrant was valid. The court noted that the affidavit for the search warrant set forth Detective Alvarenga's prior dealings with defendant, showing there had been an ongoing investigation since November 2021. The court

further noted that defendant was trying to "distance himself from the residence" and that documents can be found in a shoe box.

*Law and Discussion*

In this writ application, defendant argues that the trial court erred in denying his motion to suppress evidence, because there was no probable cause to issue the first July 7, 2022 search warrant. He asserts that the request to search for documents was "pretextual" in order to get officers inside the house when they had no probable cause to enter. He argues that misleading the police about his address was not a crime and did not create probable cause to believe he committed a crime. Finally, he contends that all evidence stemming from the first July 7, 2022 search warrant is "fruit of the poisonous tree" and must be suppressed.

The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. *State v. Thomas*, 08-390 (La. App. 5 Cir. 1/27/09), 8 So.3d 80, 83, *writ denied*, 09-626 (L. 11/25/09), 22 So.3d 170. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. *Id.*; *State v. Aston*, 12-955 (La. App. 5 Cir. 9/4/13), 125 So.3d 1148, 1156, *writ denied*, 13-2374 (La. 3/21/14), 135 So.3d 618.

As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant. *State v. Holmes,* 08-719 (La. App. 5 Cir. 3/10/09), 10 So.3d 274, 278, *writ denied*, 09-816 (La. 1/8/10), 24 So.3d 857. Probable cause for the issuance of a search warrant "exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched." *State v. Lee*, 05-2098 (La. 1/16/08), 976 So.2d 109, 122, *cert. denied*, 555 U.S. 824, 129 S.Ct. 143, 172 L.Ed.2d 39 (2008).

Probable cause to arrest does not necessarily provide probable cause to search, and the critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought. *State v. Varnado*, 95-3127 (La. 5/31/96), 675 So.2d 268, 269-70. Therefore, a search warrant must establish a probable continuing nexus between the place sought to be searched and the property sought to be seized. *State v. Casey,* 99-23 (La. 1/26/00), 775 So.2d 1022, 1027, *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).

"The process [of determining probable cause] simply requires that enough information be presented to the issuing magistrate to enable him to determine that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal justice system." *State v. Rodrigue,* 437 So.2d 830, 833 (La. 1983); *State v. Mitchell*, 15-524 (La. App. 5 Cir. 12/9/15), 182 So.3d 365, 375. The task for a reviewing court is simply to ensure that under the totality of the circumstances the magistrate had a "substantial basis" for concluding that probable cause existed. *Lee*, 976 So.2d at 122, citing *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983).

The facts establishing probable cause for the warrant must be contained within the four corners of the affidavit. *State v. Green,* 02-1022 (La.12/4/02), 831 So.2d 962, 969; *State v. Clement*, 11-1150 (La. App. 5 Cir. 9/11/12), 101 So.3d 460, 468, *writ denied*, 12-2214 (La. 4/1/13), 110 So. 3d 139. Under La. C.Cr.P. art. 162, "[a] search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant." La. C.Cr.P. art. 162 requires the facts establishing probable cause to be recited in the affidavit because it is the judge, not the affiant, who must be satisfied as to the existence of probable cause.

*Clement*, 101 So.3d at 468, citing *State v. Wells*, 253 La. 925, 221 So.2d 50, 53 (1969).

In the instant case, defendant argues there was no probable cause for the issuance of the first July 7, 2022 search warrant. We agree.

In reviewing the four corners, Detective Alvarenga's affidavit stated that on November 22, 2021,[2] defendant was at 2730 Jasper Street and fled the scene during the execution of the search warrant where narcotics were found. It further provides that in December 2021, narcotics officers received information that occupants of 2730 Jasper Street had been selling illegal narcotics. However, the affidavit does not indicate that Detective Alvarenga verified this information in order to find it reliable or trustworthy.[3] Detective Alvarenga also indicated that he conducted surveillance of 2730 Jasper Street in December of 2021 and saw people with "priors" for narcotics distribution. However, the affidavit did not explain what these people were seen doing at 2730 Jasper Street. The affidavit did not state if they were entering and leaving 2730 Jasper Street or if they were seen engaging with the defendant or conducting hand-to-hand transactions. Further, the affidavit is silent as to any facts or circumstances indicating there was ongoing criminal activity from December 2021 to July 7, 2022.

The affidavit provides that on July 7, 2022, Detective Alvarenga saw defendant leaving 2730 Jasper Street and subsequently arrested him pursuant to an arrest warrant for drugs. During the stop, defendant denied that he had ever lived at 2730 Jasper Street, so Detective Alvarenga authored a search warrant for documents to show that defendant lived at 2730 Jasper Street.

---

[2] The affidavit actually provides that the date was November 22, 2022. However, as noted by the trial court, this was clearly a typographical error as the date had not yet occurred.

[3] In establishing that an informant's tip is sufficient to provide a basis for a finding of probable cause, the affiant should include statements about the informant's reliability and about the manner in which the informant obtained the information. *Clement*, 101 So.3d at 469; *State v. Barrilleaux*, 620 So.2d 1317, 1320 (La. 1993). Such information assures the magistrate that "he is relying on something more substantial than a casual rumor circulating in the underworld." *Id.*

This Court must determine whether, under the totality of the circumstances, there is a sufficient basis upon which the trial court could have found there was probable cause to issue the search warrant.

Although the purpose of the requested search was to find documents related to defendant's address in connection with possession with intent to distribute cocaine or distribution of cocaine, the affidavit showed that such evidence had already been obtained and there was no probable cause to search defendant's residence. The affidavit stated that defendant had identified his bedroom in the residence in November of 2021, that an Entergy utility bill was found in that bedroom, that defendant was seen leaving the residence on July 7, 2022, and that a "TLOxp inquiry revealed that James has an address listed as 2730 Jasper Street, Kenner, LA." Further, with a time-gap of over six months from December 2021 to July 7, 2022, the affidavit does not establish a probable continuing nexus between 2730 Jasper Street and the property sought to be seized. Considering the totality of the circumstances, we find there was no probable cause for the first July 7, 2022 search warrant.

We now consider the good faith exception set forth in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon,* the Supreme Court held evidence seized under a constitutionally defective warrant should not be suppressed where the officers acted in good faith and in objectively reasonable reliance on the validity of the warrant. The *Leon* court enumerated four instances in which suppression remains an appropriate remedy: (1) where the magistrate or judge was misled by information the affiant knew was false or would have known was false except for a reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the

warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. *Leon,* 468 U.S. at 914-15, 104 S.Ct. at 3416; *State v. Guidry*, 03-625 (La. App. 5 Cir. 1/27/04), 866 So.2d 944, 948.

In the present case, the evidence does not show that the first, second, or fourth instances in *Leon*, *supra*, apply herein. However, the third instance applies, making suppression of evidence the appropriate remedy. The third instance of *Leon*, *supra*, provides exclusion if the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

Detective Alvarenga testified that he had worked for the Kenner Police Department for 22 years, so it is reasonable to conclude he is well-trained. However, his affidavit in support of the search warrant clearly lacks the requisite probable cause for issuance of the warrant. Detective Alvarenga testified that there was nothing to suggest that defendant had committed a crime in July 2022, and that the purpose of the warrant was to locate documents related to defendant's address in connection with the possession with intent to distribute cocaine or distribution of cocaine offense. However, at the hearing, Detective Alvaregna testified that he authored a search warrant for documents to show that defendant *still* lived at 2730 Jasper Street, which would not be evidence of the November 2021 offense. The affidavit does not set forth facts supporting a reasonable belief that evidence of the November 2021 offense was present at 2730 Jasper Street in July of 2022.

After review, we find that the good faith exception in *Leon, supra,* does not apply, because the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

While defendant does not challenge the second search warrant obtained on July 7, 2022, he argues that all evidence obtained in this case must be suppressed

as fruit of the poisonous tree because the first search warrant in July 2022 was obtained unconstitutionally.  Citing *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) and *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012), defendant argues that the exclusionary rule prohibits the introduction of all evidence that is derivative of an illegal search or evidence known as "fruit of the poisonous tree," specifically everything that was seized during and after execution of the first search warrant on July 7, 2022.

Because we find that the first July 7, 2022 search warrant lacks probable cause, and the good faith exception of *Leon*, *supra*, does not apply, all evidence derived from the execution of the first July 7, 2022 search warrant must be suppressed.

The trial court is afforded great discretion in ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion.  *State v. Welch*, 11-274 (La. 4/29/11), 60 So.3d 603.  In this case, we find that the trial court abused its discretion by denying defendant's motion to suppress.  Accordingly, we grant the writ application, grant the motion to suppress, and remand this matter for further proceedings.

Gretna, Louisiana, this 1st day of June, 2023.

**CER**
**FHW**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/01/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-186**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Scott U. Schlegel (DISTRICT JUDGE)
Darren A. Allemand (Respondent)

Thomas J. Butler (Respondent)

### MAILED

Jeffrey Hufft (Relator)
Attorney at Law
3500 North Causeway Boulevard
Suite 185
Metairie, LA 70002

James A. Williams (Relator)
Kathrine E. Ellis (Relator)
Attorney at Law
706 Derbigny Street
Gretna, LA 70053

Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeffrey Hufft
Attorney at Law
3500 North Causeway Boulevard
Suite 185
Metairie, LA 70002
23-K-186                     06-01-23

9590 9402 2434 6249 3633 76

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6502

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Jamie Lenny_
☒ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery
_Jamie Lenny_                          6/5/23

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...il
☐ ...il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt